ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Arab Shah Construction Company | ) ASBCA No. 61565 |
| | ) |
| Under Contract No. W912ER-17-A-0005 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. Mohammad Idrees
                                                           Director

APPEARANCES FOR THE GOVERNMENT:      Michael P. Goodman, Esq.
                                                                Engineer Chief Trial Attorney
                                                              Michael E. Taccino, Esq.
                                                              Aimee L. Rider, Esq.
                                                                Engineer Trial Attorneys
                                                                U.S. Army Engineer District, Middle East
                                                                Winchester, VA

OPINION BY ADMINISTRATIVE JUDGE YOUNGER ON THE
GOVERNMENT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED

Appellant Arab Shah Construction Company (appellant) has appealed from the Army Corps of Engineers' (Corps') decision to terminate its contract for cause. The Corps has moved to dismiss the appeal for failure to state a claim upon which relief can be granted, arguing that appellant's complaint did not explicitly dispute the termination or make a specific request for relief. We deny the motion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. By date of December 7, 2016, the Corps awarded Contract No. W912ER-17-A-0005 (contract) to appellant for diesel generator repair services at power plants located throughout Afghanistan (R4, tab 3 at 1, 4). Under the contract, identified as a blanket purchase agreement, the Corps would issue orders for appellant to perform the contracted services (gov't mot. at 1). The contract referred to those orders as "calls" (R4, tab 3 at 1, tab 4 at 1).

2. The contract included FAR 52.212-4, CONTRACT TERMS AND CONDITIONS COMMERCIAL ITEMS (MAY 2015). Subparagraph (m) of that clause provides the government with authority to terminate a contract for cause "in the event of any default by the Contractor, or if the Contractor fails to comply with any contract terms and conditions, or fails to provide the Government, upon request, with adequate assurances of future performance." That subparagraph further provides that "[i]f it is determined

that the Government improperly terminated this contract for default, such termination shall be deemed a termination for convenience." In a separate subparagraph, the clause provides that "the Contractor shall be liable for default unless nonperformance is caused by an occurrence beyond the reasonable control of the Contractor and without its fault or negligence." FAR 52.212-4(f). (R4, tab 3 at 49)

3. By date of December 15, 2017, the Corps issued a cure notice advising appellant that its performance under Call 0003 (Call 3) was deficient and "endangering performance under the subject contract" (R4, tab 48 at 1). The cure notice included a detailed timeline describing the problems encountered with appellant's performance on three generators located at two different power plants (*id.* at 2-5). The cure notice further directed appellant to respond in writing to the contracting officer within 10 days with a schedule of actions it would take to remedy its deficient performance, and to provide a list consisting of manufacturer verification of part and/or serial numbers for the replaced parts (*id.* at 5).

4. By email dated December 20, 2017, appellant submitted a 48-page response to the cure notice that consisted primarily of photographs of various items appearing to be parts that were to be installed during contract performance (gov't mot. at 2; R4, tab 49). The response briefly described certain actions appellant had either already taken or intended to take, and asserted that with respect to one of the generators, the contractor responsible for maintenance was not changing the generator's oil in a timely fashion or using good quality oil, which impacted its performance (R4, tab 49 at 8-10). Appellant's response also included a chart that listed parts and part numbers (*id.* at 47-48).

5. In a memorandum for record dated December 29, 2017, the contracting officer documented her decision to terminate the contract for cause under FAR 52.212-4 for failure to adequately respond to the cure notice (R4, tab 127 at 1-3). By letter of the same date, the contracting officer issued the termination notice, finding appellant in default "for failure to include a feasible recovery schedule of actions [appellant] will take to remedy its deficient performance" with respect to two of the three generators identified in the cure notice, and for failure to provide the parts list verifying part and/or serial numbers for parts replaced in the generators (R4, tab 2 at 1).

6. The termination notice described the problems with the two generators in substantial detail. With respect to the first generator, the notice described a turbocharger "glowing red hot" and continuing to overheat even after appellant replaced three fuel injectors. The notice also stated that the Corps had photographic evidence showing that replacement parts installed on that generator were not "authentic OEM" (original equipment manufacturer), and that appellant was using parts with no identifiable serial or part numbers. With respect to the second generator, the notice indicated that appellant failed to present a realistic timeline to turn the generator over to the end user and failed to identify and validate the replacement parts.

The notice further stated that photographic evidence indicated that appellant was re-using parts instead of replacing them with new parts, which could impact the generator's ability to provide sustained use, and that there "is no evidence this generator was turned on or could take any sort of load." (*Id.* at 1-2)

7. By email dated March 24, 2018, appellant filed its notice of appeal with the Board, and attached a copy of the termination notice. The notice of appeal described in detail certain problems appellant encountered with performance, and quoted and specifically responded to the performance deficiencies identified in the termination notice. The notice of appeal also repeated appellant's contention that the maintenance contractor's failure to properly maintain one of the generators was responsible for the performance deficiencies, and included a copy of the parts list provided in its response to the cure notice.

8. By email dated April 18, 2018, appellant filed its complaint with the Board. The complaint included some unrelated discussion of Calls 1 and 2; with respect to Call 3, it stated that another contractor "was creating problems" for appellant by not allowing it to start work. The complaint further stated that this other contractor claimed that one of the generators was covered by its contract with the Corps, not appellant's, and that the other contractor had stolen some of that generator's parts. (Compl. at 1-2)

9. The complaint also referenced a number of attachments consisting of emails and email chains between appellant and various Corps representatives, in which it raised concerns with respect to the other contractor (whom appellant identified as the maintenance contractor). In a February 20, 2017 email, appellant informed the Corps that the maintenance contractor would "not [allow] us to start the work they claimed they will fix it and it's on their contract." The February 20, 2017 email also noted that when appellant raised this issue with Corps representatives its complaints were ignored. Appellant repeated its contention regarding the maintenance contractor "creating these problems" in an email dated March 9, 2017. In two additional emails, dated October 7 and October 11, 2017, appellant informed the Corps that the maintenance contractor was not properly changing the oil and filter on one of the generators.

## DECISION

The Corps has moved to dismiss this appeal for failure to state a claim upon which relief can be granted, arguing that appellant has "neither set forth a recognizable claim nor claimed entitlement to any relief" (gov't mot. at 3). Appellant opposes the motion, repeating its contention that the maintenance contractor denied it access to the site and failed to properly perform its maintenance obligations (app. opp'n at 1-3).

3

The standards for deciding a motion to dismiss for failure to state a claim upon which relief can be granted are well established. A motion to dismiss for failure to state a claim can be granted where the facts asserted in the complaint do not entitle the claimant to a legal remedy. *See Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The complaint must allege facts "'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *American General Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,640. In ruling on such a motion, we "must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant," *Kellogg Brown & Root Services, Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013), and decide "only whether the claimant is entitled to offer evidence in support of its claims, not whether the claimant will ultimately prevail." *Matcon Diamond, Inc.*, ASBCA No. 59637, 15-1 BCA ¶ 36,144 at 176,407. The scope of our review is limited to considering the sufficiency of the allegations set forth in the complaint, "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (alteration in original) (internal quotation marks and citation omitted); *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (On a motion to dismiss for failure to state a claim, courts may consider documents attached or incorporated into the complaint.).

Although the Corps describes appellant's complaint as failing to explain its allegations or request any actual relief (gov't mot. at 2), "the primary document setting forth the claim is not the complaint, *per se*, but is either the contractor's claim ·or the government's claim, the latter asserted in a contracting officer's final decision as required by the Contract Disputes Act." *Lockheed Martin Integrated Systems, Inc.*, ASBCA Nos. 59508, 59509, 17-1 BCA ¶ 36,597 at 178,281. Thus, in addition to appellant's complaint, we look to the Corps' December 29, 2017 termination notice. *See Jurass Company*, ASBCA No. 51527, 06-1 BCA ¶ 33,186 at 164,503 (termination for cause is a government claim).

Read in conjunction with the termination notice, appellant's complaint alleges sufficient facts "'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *See Cary*, 552 F.3d at 1376; *American General Trading & Contracting*, 12-1 BCA ¶ 34,905 at 171,640. The Corps' termination notice describes in detail the problems encountered with the generators covered by Call 3 (statement 6). Appellant's complaint incorporated the emails submitted as attachments, in which it specifically communicated to the Corps that the maintenance contractor was interfering with its access to the site and was not properly changing the generator's oil and filter (statements 8-9). A contractor's default may be excused "if it is caused by an occurrence that is beyond its reasonable control and without its fault or

4

negligence." *Earthstar Construction and Logistics Company*, ASBCA No. 58086, 13 BCA ¶ 35,461 at 173,901; *see* statement 2. Appellant's allegations regarding the problems it encountered with the maintenance contractor, and the impact of those problems on its performance, go to the question of whether its alleged performance deficiencies can be excused.

With respect to the Corps' claim that appellant's complaint failed to request any form of relief, the Corps has not cited, and we are unaware of, any precedent requiring an appellant's complaint to recite a specific request for relief. The Board's rules, like the Federal Rules of Civil Procedure, only require notice pleading. *UniTech Services Group, Inc.*, ASBCA No. 56482, 10-1 BCA ¶ 34,362 at 169,695. By virtue of filing its notice of appeal, it is clear that appellant did not agree with, and was challenging, the Corps' decision to terminate its contract for cause. Under the contract's terms, "[i]f it is determined that the Government improperly terminated this contract for default, such termination shall be deemed a termination for convenience." FAR 52.212-4(f); *see* statement 2. Although appellant did not explicitly request the termination for cause be converted to a one for convenience, that form of relief is a logical inference from appellant's decision to file this appeal.

## CONCLUSION

The government's motion is denied.

Dated: February 12, 2019

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61565, Appeal of Arab Shah Construction Company, rendered in conformance with the Board's Charter.

Dated:

<div style="margin-left: 50%;">

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

</div>